UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CENTRAL DIVISION**

No. 05-40073-FDS

| |
|---|
| JAMES J. SANDLER, Individually and as Trustee of the TOWN PAINT & SUPPLY CO., INC. 401(k) PROFIT SHARING PLAN, and TOWN PAINT & SUPPLY CO., INC., <br><br>                    Plaintiffs <br><br>                 v. <br><br> CIPC SYSTEMS, INC. and RICHARD A. PERRY, <br><br>                    Defendants |

**DEFENDANTS' PARTIAL ANSWER TO THE PLAINTIFFS' COMPLAINT**

The Defendants, CIPC Systems, Inc. ("CIPC") and Richard A. Perry ("Perry") have moved to dismiss the Plaintiffs' state law claims, Counts II – VI. The Defendants have also moved to dismiss Count I, the ERISA claim of the Plaintiff, Town Paint & Supply Co., Inc., ("Town Paint"). The Defendants' Partial Motion to Dismiss is pending, and thus the Defendants now only respond to Count I of the Complaint to the extent it is being brought by Plaintiff James J. Sandler, Individually and as Trustee of the Town Paint & Supply Co., Inc. 401(k)/Profit Sharing Plan.

**Introduction**

1.  Paragraph 1 of the Complaint characterizes the nature of the lawsuit, does not contain allegations of fact and thus requires no response.

2.  The Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.  The Defendants deny the allegations contained in paragraph 3 of the Complaint.

40246.1

## Parties

4. The Defendants have insufficient information either to admit or deny the allegations in paragraph 4 of the Complaint.

5. The Defendants have insufficient information either to admit or deny the allegations in paragraph 5 of the Complaint.

6. The Defendants have insufficient information either to admit or deny the allegations in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the Complaint.

## Jurisdiction

9. The Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

## Facts

13. The Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit that as the TPA for the Plan, the Defendants performed annual testing to determine whether the Plan was "top-heavy". The Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains conclusions of law and does not contain allegations of fact, and therefore no response is required.

16. Paragraph 16 of the Complaint contains conclusions of law and does not contain allegations of fact, and therefore no response is required.

40246.1

17. The Defendants admit that Richard Perry sent a letter, dated September 3, 1993, to David Lapin of Town Paint & Supply Co., Inc. Defendants neither admit nor deny the remainder of the allegations contained in Paragraph 17 of the Complaint as the letter, being in writing, speaks for itself.

18. Defendants neither admit nor deny the allegations contained in Paragraph 18 of the Complaint as the letter, being in writing, speaks for itself.

19. Defendants have insufficient information either to admit or deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that each year in which they served as TPA for the Plan, the Defendants performed top-heavy testing of the Plan. Defendants deny the remainder of the allegations contained in paragraph 21 of the Complaint.

22. Defendants have insufficient information either to admit or deny whether Town Paint engaged an accountant and an outside record-keeper to review the Plan's records. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants have insufficient information either to admit or deny the allegations in paragraph 23 of the Complaint.

24. Defendants have insufficient information either to admit or deny the allegations in paragraph 24 of the Complaint.

25. Defendants have insufficient information either to admit or deny the allegations pertaining to Town Paint's actions as contained in paragraph 25 of the Complaint. Defendants deny the remaining of the allegations contained in paragraph 25 of the Complaint.

40246.1

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

## COUNT I
(Breach of Fiduciary Duty to the Plan, its Sponsor, Participants, Beneficiaries, and Trustee under ERISA)

27. Defendants repeat and incorporate herein their answers to paragraphs 1 through 26 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains conclusions and/or statements of law and does not contain allegations of fact, and therefore no response is required.

30. Paragraph 30 of the Complaint contains conclusions and/or statements of law and does not contain allegations of fact, and therefore no response is required.

31. Paragraph 31 of the Complaint contains a conclusion of law and does not contain allegations of fact, and therefore no response is required.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Any liability on the part of the Defendants must be reduced or is barred by the Plaintiffs' comparative negligence.

3. Plaintiffs are barred from recovery because this action has not been brought within the applicable statute of limitations.

4. Any damages sustained by plaintiffs were caused by individuals for whose conduct Defendants were not responsible.

5. The Plaintiffs lack standing to bring a claim under ERISA.

6. The Plaintiffs' state law claims are preempted.

40246.1

WHEREFORE, the Defendants respectfully request that this Honorable Court enter judgment of dismissal, and award them their costs and attorney fees, and for other relief as this Court may deem just and equitable.

### JURY DEMAND

The Defendants demand a trial by jury on all claims so triable.

Respectfully submitted,

The Defendants,
CIPC Systems, Inc. and
Richard A. Perry,

By their counsel,

_____*s/ Michele Carlucci*_____
George C. Rockas BBO# 544009
Michele Carlucci  BBO#655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated:  July 1, 2005

40246.1