# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CENTRAL DIVISION**

No. 05-40073-FDS

| |
|---|
| JAMES J. SANDLER, Individually and as Trustee of the TOWN PAINT & SUPPLY CO., INC. 401(k) PROFIT SHARING PLAN, and TOWN PAINT & SUPPLY CO., INC., |
| Plaintiffs |
| v. |
| CIPC SYSTEMS, INC. and RICHARD A. PERRY, |
| Defendants |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

NOW COMES the Defendants, CIPC Systems, Inc. ("CIPC") and Richard A. Perry ("Perry") and submits this reply brief in response to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss. Defendants have moved to dismiss the Plaintiffs' state law claims as they are preempted. Defendants also move to dismiss the ERISA claim of the Plaintiff, Town Paint & Supply Co., Inc., ("Town Paint") for lack of standing.

In their Opposition to Defendants' Partial Motion to Dismiss, Plaintiffs assert that Town Paint has standing to sue as an assignee of the rights of James J. Sandler as the Trustee of the Town Paint & Supply Co., Inc. 401(k) Profit Sharing Plan ("Sandler as Trustee"). However, Plaintiffs' Complaint makes no such allegations. Furthermore, an assignee stands in the place of an assignor, and yet Sandler as Trustee is a plaintiff in this

matter, and has brought the same claims that Town Paint has brought in the Complaint.
City of Hope National Medical Center v. Healthplus, Inc., 156 F.3d 223, 228 (1st Cir.
1998), a case cited by the Plaintiffs' in their Opposition, expressly states that "[i]f an
assignee seeking relief in court stands in the place of an assignor, there has been a
substitution rather than an expansion of the parties."   Thus, both the assignor and
assignee cannot stand in the same shoes and bring the same claims.  Furthermore, the
Plaintiffs allege in the Complaint that Town Paint is the Sponsor of the Plan, and does not
allege that it is a fiduciary of the Plan. (Complaint at ¶2).  Therefore, as pled by the
Plaintiffs in their Complaint, Town Paint does not have standing to bring a civil action
under Section 409 [29 U.S.C. §1109], as an employer is not among the enumerated
parties empowered to bring suit by 29 U.S.C. §1132(a)(2).

Furthermore, Plaintiffs erroneously rely on a recent decision, Miara v. First
Allmerica Financial Life Ins. Co., _F. Supp. 2d_, 2005 WL 1463299 (D. Mass. June 16,
2005), for the contention that Plaintiffs' state law claims are not preempted by ERISA.
The issue before the Miara court was "whether ERISA preempts state law claims against
an insurer, an insurance agency, and an insurance agent stemming from
misrepresentations made by the insurance agent (acting on behalf of the insurer) prior to
the establishment of the employee benefit plan in question." Id. at *94.  The Plaintiff in
Miara did not challenge the administration of the ERISA plan, but rather she challenged
the "procurement of the plan", and the focus of her claims was not on the plan.  Id. at
*105.  Specifically, the plaintiff claimed that the defendants misrepresented the
availability of spousal benefits prior to the establishment of the plan.  Id. at *3.   The
opinion in Miara is therefore distinguishable from the matter at hand.

2

In finding that the state law claims were not preempted, the Miara court noted that the defendants were not plan administrators, nor fiduciaries of the plan. Id. at *108. The court also noted that the "existence 'of a relationship…based on a plan governed by ERISA'" is critical to the preemption determination. Id., citing Cuoco v. NYNEX Inc., 722 F. Supp. 884, 886-87 (D. Mass. 1989). Thus, the decision of the Miara court was based on its recognition of the fact that the state law claims against the non-fiduciary defendants did not affect relations among principal ERISA entities, and that the duty of care of the defendants does not depend on ERISA in any way. Id. at *55, 120-24. However, according to the Plaintiffs, this matter involves ERISA entities, as the Plaintiffs allege that as the Third Party Administrators, the Defendants are fiduciaries of the Plan.[1] (Complaint at ¶2). Furthermore, the Plaintiffs allege that Section 404(1) of ERISA governs the duty and standard of care of the Defendants. (Complaint, Count I). Thus, unlike in Miara, the Plaintiffs' allegations affect relations among principal ERISA entities, and the duty of care, as alleged, does depend on ERISA. The Miara Court recognized such a distinction, noting that in Hampers v. W.R. Grace Co., Inc., 202 F.3d 44 (1st Cir. 2000), the First Circuit held that a state law contract claim sufficiently related to an employee benefit plan to be preempted by ERISA because it involved an ERISA fiduciary's administration of a plan. Miara, 2005 U.S. Dist. LEXIS 12163, at 82. Thus, contrary to Plaintiffs' contentions, the Miara decision is not applicable to the facts at hand. Rather, by Plaintiffs' own allegations, this matter involves the relationship of

---

[1] While Plaintiffs assert that Defendants have denied that they are Plan fiduciaries in their Partial Answer to the Complaint, which was filed contemporaneously with Defendants' Partial Motion to Dismiss, the Court must accept as true the well-pleaded factual allegations of the Plaintiffs' Complaint in determining a motion to dismiss. See American Tel. & Tel. Co. v. IMR Capital Corp., 888 F. Supp. 221, 251 (D. Mass. 1996); Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993), as cited in Plaintiffs' Opposition.

ERISA entities and the administration of the plan, and thus the state law claims are preempted.

The decision in the <u>Miara</u> was also influenced by the Court's recognition that if her claims are preempted, the plaintiff would have no remedy, state or federal. <u>Id.</u> at *15. However, Plaintiffs in the matter at hand have pled a cause of action under ERISA, and unlike in <u>Miara</u>, this is not a case where the Defendants are asserting ERISA preemption to remove the case to federal district court.

WHEREFORE, for the above stated reasons, together with those set forth in Defendants' Memorandum of Law in Support of their Partial Motion to Dismiss, the Defendants respectfully request that this Honorable Court dismiss the Plaintiffs' state law claims. Defendants further request that this Honorable Court dismiss the ERISA claim of the Plaintiff, Town Paint & Supply Co., Inc.

Respectfully submitted,

The Defendants,
CIPC Systems, Inc. and
Richard A. Perry,

By their counsel,

_____ *s/ Michele Carlucci* _____
George C. Rockas BBO# 544009
Michele Carlucci  BBO#655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: August 1, 2005

41483.1

4