UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

No. 05-40073-FDS

JAMES J. SANDLER, Individually and as Trustee of the TOWN PAINT & SUPPLY CO., INC. 401(k) PROFIT SHARING PLAN, and TOWN PAINT & SUPPLY CO., INC.,

Plaintiffs

v.

CIPC SYSTEMS, INC. and
RICHARD A. PERRY,

Defendants

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

1. Paragraph 1 of the Amended Complaint characterizes the nature of the lawsuit, does not contain allegations of fact and thus requires no response.

2. Portions of Paragraph 2 of the Amended Complaint characterize the nature of the lawsuit, do not contain allegations of fact and thus require no response. Defendants are without knowledge or information either to admit or deny the allegations concerning James L. Sandler's and Town Paint's relationship to the Plan. Defendants deny the remainder of allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants admit that they served as TPA of the Plan, and that Defendants performed annual testing to determine whether the Plan was "top-heavy". Defendants deny the remainder of allegations contained in Paragraph 3 of the Amended Complaint.

1

## PARTIES

4. Defendants admit the allegations in paragraph 4 of the Amended Complaint.

5. Defendants are without knowledge or information either to admit or deny the allegations in paragraph 5 of the Amended Complaint.

6. Defendants are without knowledge or information either to admit or deny the allegations in paragraph 6 of the Amended Complaint.

7. Defendants admit the allegations in paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations in paragraph 8 of the Amended Complaint.

## JURISDICTION

9. Defendants deny the allegations in paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of the Amended Complaint.

## FACTS

13. Defendants admit that the Plan was established before 1992 and that starting in or about 1992, Town Paint engaged the Defendants to serve as the TPA for the Plan. Defendants are without knowledge as to the reasons why Town Paint established the Plan. Defendants deny the remainder of allegations in paragraph 13.

14. Defendants admit that as TPA for the Plan, the Defendants performed annual testing to determine whether the Plan was "top-heavy." The Defendants deny the remainder of the allegations in paragraph 14.

15. Paragraph 15 contains conclusions of law and hypotheticals and does not contain allegations of fact, and therefore no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations contained in paragraph 15.

16. Paragraph 16 contains conclusions of law and does not contain allegations of fact, and therefore no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations contained in paragraph 16.

17. Defendants admit that Richard Perry sent a letter, dated September 3, 1993, to David Lappin of Town Paint & Supply Co., Inc., and further state that the letter, being in writing, speaks for itself. Defendants deny the remainder of allegations which do not concern the letter's content.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint.

60008.1

19. Defendants admit that each year in which they served as TPA for the Plan, the Defendants performed top-heavy testing of the Plan. Defendants deny the remainder of the allegations.

20. Defendants have insufficient information to either admit or deny whether Town Paint engaged an accountant and an outside record keeper to review the Plan's records. Defendants deny the remainder of allegations.

21. Defendants are without knowledge or information either to admit or deny the allegations in paragraph 21 of the Amended Complaint.

22. Defendants are without knowledge or information either to admit or deny the allegations in paragraph 22 of the Amended Complaint.

23. Paragraph 23 contains no allegations of fact, but rather contains only hypotheticals, therefore no response is required. To the extent a response is deemed required, Defendants have insufficient knowledge or information either to admit or deny the allegations in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25. Defendants are without knowledge or information either to admit or deny the allegations pertaining to Town Paint's actions. Defendants deny the remainder of the allegations in paragraph 25 of the Amended Complaint.

26. Defendants are without knowledge or information either to admit or deny the allegations in paragraph 26 of the Amended Complaint.

**COUNT I**
(Breach of Fiduciary Duty to the Plan, Its Participants, Beneficiaries and Trustee under ERISA)

60008.1

27. Defendants repeat and incorporate herein their answers to paragraphs 1 through 26 of the Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29. Paragraph 29 contains conclusions and/or statements of law and does not contain allegations of fact, and therefore no response is required.

30. Paragraph 30 contains conclusions and/or statements of law and does not contain allegations of fact, and therefore no response is required.

31. Paragraph 31 contains conclusions and/or statements of law and does not contain allegations of fact, and therefore no response is required.

32. Defendants deny the allegations in paragraph 32 of the Amended Complaint.

33. The Defendants deny the allegations in paragraph 33 of the Amended Complaint.

### COUNT II
(Professional Negligence to Town Paint)

34. Defendants repeat and incorporate herein their answers to paragraphs 1 though 33 of the Amended Complaint.

35. Defendants admit that as TPA the Defendants provided advice regarding the administration of the Plan, but deny the remaining allegations in paragraph 35 of the Amended Complaint.

36. Defendants admit the allegations in paragraph 36 of the Amended Complaint.

60008.1

37. Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Amended Complaint.

## COUNT III
(Negligence Misrepresentation to Town Paint)

39. Defendants repeat and incorporate herein their answers to paragraphs 1 through 38 of the Amended Complaint.

40. Defendants deny the allegations in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43. Defendants repeat and incorporate herein their answers to paragraphs 1 through 42 of the Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of the Amended Complaint.

## COUNT V
(Contribution)

46. Defendants repeat and incorporate herein their answers to paragraphs 1 through 45 of the Amended Complaint.

60008.1

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Any liability on the part of the Defendants must be reduced or is barred by the Plaintiffs' comparative negligence.

3. Plaintiffs are barred from recovery because this action has not been brought within the applicable statute of limitations.

4. Any damages sustained by plaintiffs were caused by individuals for whose conduct Defendants were not responsible.

5. The Plaintiffs lack standing to bring a claim under ERISA.

6. The Plaintiffs' state law claims are preempted.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award them their costs and attorney fees, and for other relief as this Court may deem just and equitable.

60008.1

## JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

>Respectfully submitted,
>
>The Defendants,
>CIPC Systems, Inc. and
>Richard A. Perry,
>
>By their counsel,
>
>*s/ Michele Carlucci*
>George C. Rockas BBO# 544009
>Michele Carlucci  BBO#655211
>WILSON ELSER MOSKOWITZ
>EDELMAN & DICKER  LLP
>155 Federal Street
>Boston, MA 02110
>(617) 422-5300

Dated: June 26, 2006

## CERTIFICATE OF SERVICE

I, Michele Carlucci, certify that on June 26, 2006, I filed the Defendants Answer to the Amended Complaint by electronic filing and mailed a courtesy copy of the same to:

Richard J. Yurko BBO#538300
Matthew C. Welnicki BBO#647104
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
617-723-6900

>*/s/ Michele Carlucci*
>Michele Carlucci