UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| JAMES J. SANDLER, Individually and as Trustee of the TOWN PAINT & SUPPLY CO., INC. 401(k)/PROFIT SHARING PLAN, and TOWN PAINT & SUPPLY CO., INC., <br><br>　　　　　Plaintiff, <br><br>v. <br><br>CIPC SYSTEMS, INC. and RICHARD A. PERRY, <br><br>　　　　　Defendants. | Civ. No. 05-40073-FDS |

**JOINT MOTION FOR MODIFICATION OF DISCOVERY AND MOTION
SCHEDULE PURSUANT TO FED. R. CIV. P 26(F) AND LOCAL RULE 16.1**

Pursuant to Local Rule 16.1 the parties hereby submit the following Proposed Joint Modification of the Discovery and Motion Schedule:

Following a scheduling conference the Court previously entered a Scheduling Order on September 7, 2006, setting forth a timetable for discovery and motion practice in this matter. The Order is attached hereto as Appendix A. The parties are in agreement as to the desirability of a short extension of the schedule to which the Court previously set out. The parties believe that an extension of three months on all previous deadlines is appropriate and propose revising the schedule as follows:

| EVENT | Proposed Deadline for Completion |
|---|---|
| Fact Discovery | June 1, 2007 |

| | |
|---|---|
| Plaintiff's identification of experts and disclosure of information pursuant to Fed. R. Civ. P. 26(a)(2) | July 1, 2007 |
| Plaintiff's trial expert(s) must be deposed | July 30, 2007 |
| Defendant's identification of expert(s) and disclosure of information pursuant to Fed. R. Civ. P. 26(a)(2) | August 15, 2007 |
| Defendant's expert(s) must be deposed | September 15, 2007 |
| Dispositive motions filed | September 30, 2007 |

As grounds, the parties state that Defendant Richard A. Perry recently retained separate counsel from CIPC Systems, Inc. in this matter. In addition, while written discovery is complete, the depositions of potential witnesses have yet to be completed. Although Mr. Perry's counsel has not yet filed an appearance in this matter, counsel have conferred and he has agreed to this motion.

        Respectfully submitted,

        JAMES J. SANDLER, Individually and as Trustee of the TOWN PAINT & SUPPLY CO., INC. 401(k)/PROFIT SHARING PLAN, and TOWN PAINT & SUPPLY CO., INC.,

        By their attorneys,

        /s/Anthony B. Fioravanti
        _____
        Richard J. Yurko (BBO# 538300)
            rjy@bizlit.com
        Anthony B. Fioravanti (BBO# 664823)
            abf@bizlit.com
        YURKO, SALVESEN & REMZ, P.C.
        One Washington Mall, 11th Floor
        Boston, MA 02108-2603
        (617) 723-6900


        CIPC SYSTEMS, INC.,

        By its attorneys,

        /s/Michele Carlucci
        _____
        George C. Rockas (BBO# 544009)
            george.rockas@wilsonelser.com
        Michele Carlucci (BBO# 655211)
            michele.carlucci@wilsonelser.com
        WILSON ELSER MOSKOWITZ ENELMAN & DICKER, LLP
        155 Federal Street
        Boston, MA 02110
        (617) 422-5300


Dated:  February 16, 2007

**<u>Certificate of Service</u>**

  I, Anthony B. Fioravanti, hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 16, 2007.

                 /s/ Anthony B. Fioravanti
                 _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Sandler,**

    **Plaintiff,**

    **v.**                                                                                    **CIVIL ACTION**
                                                                                              **NO.  05-40073-FDS**
**CIPC Systems,**

    **Defendant.**

## SCHEDULING ORDER

**SAYLOR, J.**

    This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by   9/8/06  .

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after   10/1/06  .

3. **Fact Discovery - Interim Deadlines.**

    a. All requests for production of documents and interrogatories must be served by   11/1/06  .

    b. All requests for admission must be served by   1/7/07  .

    3. All depositions, other than expert depositions, must be completed by   3/1/07  .

4. **Fact Discovery - Final Deadline.** All discovery, other than expert discovery, must be completed by ___3/1/07___.

5. **Status Conference.** A status conference will be held on ___3/14/07 at 2:00PM___.

6. **Expert Discovery.**

   a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by ___4/1/07___.

   b. Plaintiff(s)' trial experts must be deposed by ___4/30/07___.

   c. Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by ___5/15/07___.

   d. Defendant(s)' trial experts must be deposed by ___6/15/07___.

7. **Dispositive Motions.**

   1. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by ___6/30/07___.

   2. Oppositions to dispositive motions must be filed within __14__ days after service of the motion.

8. **Pretrial Conference.** A pretrial conference will be held on _9/14/07_ at 2:00pm.

**Procedural Provisions**

1. **Extension of Deadlines.**

   a. **Fact Discovery - Interim Deadlines**. The parties may extend any interim deadline for fact discovery by mutual written agreement filed with the court.

   b. **Fact Discovery - Final Deadline; Expert Discovery.** The parties may extend the final deadline for fact discovery or the deadlines for expert

2

discovery for a combined total of up to 30 days by mutual written agreement filed with the court.

    **c.**    **Dispositive Motions and Pretrial Conference.** The parties may not extend the deadline for filing dispositive motions or the date of the final pretrial conference without leave of court. No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of the pretrial conference unless the court expressly orders otherwise.

    **d.**    **Procedure for Seeking Extensions from Court.** Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**2.**    **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

**3.**    **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

**4.**    **Status Conferences.** The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

5. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

By the Court,

| 9/7/06 | /s/ Martin Castles |
|---|---|
| Date | Deputy Clerk |